# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     Plaintiffs,<br><br>vs.<br><br>**GRIGOR TERMENDJIAN,**<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CR-00119-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Grigor Termendjian's Motion to Transfer Venue and Motion to Dismiss Counts 3-6 of the Indictment for Improper Venue.

## BACKGROUND

Defendant was indicted with six counts related to an alleged scheme to defraud the United States of renewable fuel tax credits. The indicted counts include: (i) Conspiracy to Defraud the United States pursuant to 18 U.S.C. § 371; (ii) Conspiracy to Commit Money Laundering Offenses pursuant to 18 U.S.C. § 1956(h); and (iii) four substantive Money Laundering charges pursuant to 18 U.S.C. § 1957 (counts 3-6).

Recently, Defendant's co-conspirators were convicted of charges relating to the Washakie Fraud Scheme in the District of Utah. The Washakie Fraud Scheme involved an arrangement in which the co-conspirators fraudulently obtained U.S. Treasury checks from the IRS by causing two Utah-based companies, Washakie Renewable Energy, LLC and United Fuel Supply to file false claims for refundable renewable fuel credits. These fraudulent claims resulted in approximately $470 million in proceeds. The proceeds were transferred to various foreign

1

accounts in Turkey and Luxembourg before being transferred back into domestic bank accounts. The Indictment indicates that these transfers were directed and performed by Defendant's co-conspirators, Jacob Kingston, Sezgin Baran Kormkaz, and Levon Termendzhyan. However, the Defendant requested that $9 million in proceeds from the Washakie Fraud Scheme be transferred through multiple Turkish company accounts before being sent to a bank account he controlled in the United States.

In 2016, Defendant formed Century Energy, Inc. in California. Defendant has sole authority over the corporation's bank accounts. The Indictment alleges that fraud proceeds were transferred into the Century Energy bank account and a Speedy Lion Investments bank account that Defendant controlled. While in these bank accounts, Defendant commingled these proceeds with other funds. Using these funds, counts 3-6 of the Indictment allege that the following transactions took place:

    (iii)    On October 1, 2019, a $3,900,000 wire transfer from Century Energy to Hendrix Henergy Global for "Two Solar Turbines;"

    (iv)    On October 4, 2019, a $200,000 withdrawal from Century Energy to purchase a bank check payable to Industrial Energy Solutions, Inc.;

    (v)    On October 28, 2019, a $216,000 wire transfer from Century Energy to Zhangjiagang Furuicit Co. Ltd. In China for "Storage Tank Deposit;"

    (vi)    On October 30, 2019, a $2,000,000 wire transfer from Century Energy to Mariner's Escrow for "Loan for Escrow."

In sum, counts 3-6 of the Indictment allege that Defendant made four transactions from Century Energy to outside entities using funds that are traceable to the Washakie Fraud Scheme proceeds.

Charges were brought in the District of Utah. Defendant has filed motions to transfer venue for all charges and to strike counts 3-6 of the Indictment.

## DISCUSSION

A court has discretion to grant a motion to transfer a proceeding to another venue "[f]or the convenience for parties and witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). To aid in making this decision, the Supreme Court has provided courts with several factors to consider in determining whether to transfer venue. *See Platt v. Minnesota Mining & Mnfg. Co.*, 376 U.S. 240, 243-44 (1964). These ten *Platt* factors are:

> (1) The location of [ ] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.
>
> *Id*.

When applied, these factors favor transferring venue to the District of California. Regarding factor (1), Defendant is located in the state of California. As to factor (2), the United States concedes that it has witnesses in California and Utah, and Defendant's witnesses reside in California. Thus, most witnesses are in California, so this factor leans in favor of transferring venue.

Factor (3) also favors transfer of venue. The factual allegations of the Indictment pertaining to the Defendant assert that he acted in California. Although the proceeds of the Washakie Fraud Scheme, which occurred in Utah, were used, the Indictment focuses on Defendant's actions in California. Thus, factor (3) weighs in favor of transferring venue.

Factors (5), (6) and (8) also favor transferring venue. Defendant's businesses are all located in California where he also cares for his sick mother. A two-week absence, which will

3

likely be longer given trial prep, will result in a significant disruption of Defendant's businesses. It would also be very expensive for Defendant to litigate in Utah. He would need to find substitute care for his mother, pay travel expenses for himself and his witnesses, and pay for somewhere to stay during his time here. Plaintiff's counsel is already incurring these expenses by traveling to Utah from Washington D.C. to litigate this case, so it would not place a new or significant burden to travel to and litigate in California instead. Accordingly, the Central District of California is more accessible. Thus, factors (5), (6), and (8) favor transfer of venue.

The remaining factors ((4), (7), (9), and (10)), are neutral in regard to venue. However, as demonstrated above, most factors favor transfer to California. Thus, Defendants Motion to Transfer Venue is granted. Because the factors favor transfer of venue, this court does not need to reach a decision regarding Defendant's Motion to Dismiss Counts 3-6 of the Indictment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue to the United States District Court for the Central District of California is GRANTED, and Defendant's Motion to Dismiss Counts 3-6 is MOOT.

DATED this 7th day of September 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge